Case 2:19-cv-00294   Document 22   Filed on 02/03/20 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRIS DEWAYNE MCCUBBINS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-294 |
| | § | |
| RICHERSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE**

Plaintiff Chris DeWayne McCubbins, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

**I.  JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).

case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.　　PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Plaintiff's claims in this lawsuit arise in connection with Plaintiff's current housing assignment.

In his Original Complaint, Plaintiff sues the following McConnell Unit officials: (1) Warden Richerson; (2) Law Library Manager Ms. Moore; and (3) Law Library Clerk Ms. Thompson. (D.E. 1 at p. 3). Plaintiff alleges that Defendants improperly charged him for indigent mail in violation of his constitutional rights. Plaintiff seeks to be reimbursed for the monies taken from his trust fund account for mailing purposes.

Because Plaintiff's allegations were insufficient to allow the Court to properly evaluate the merits of his claims, Magistrate Judge B. Janice Ellington ordered Plaintiff to submit a more definite statement of the facts involved in this action by filing a written response to several questions. (D.E. 10). Plaintiff subsequently filed his More Definite Statement. (D.E. 17). Plaintiff indicated in his More Definite Statement that he would like to add TDCJ Director Lorie Davis as a defendant.[2] (D.E. 17, p. 5).

Plaintiff alleges the following in his Original Complaint and More Definite Statement. Pursuant to BP-03.91, the relevant TDCJ policy effective on August 23, 2013,

---

[2] In a separate order, the undersigned will direct the Clerk of the Court to add Lorie Davis as a defendant in this case.

2 / 8

"[p]ostage and stationary shall be made available at regular intervals to indigent offenders." (D.E. 17, pp. 1, 4). BP-03.91 further provides that: (1) an indigent offender is allowed to send five one-ounce domestic letters per month as general correspondence and five items per week of legal or special mail; (2) an indigent offender may send an extra general, legal, or special letter if requested for a legitimate reason and approved by the warden; and (3) "[f]unds expended by the TDCJ for postage and stationary for indigent offenders shall be recouped by the TDCJ from funds later deposited in the offenders" inmate trust fund account. (D.E. 17, pp. 1, 4).

Plaintiff complains that BP-03.91 unfairly restricts indigent prisoners like himself to sending only five one-ounce letters per month of personal mail. The policy also unfairly removed all references to the first 60 days a prisoner is indigent, thereby allowing the TDCJ to collect "' indigent debt' indefinitely." (D.E. 17, p. 1). According to Plaintiff, the previous policy in effect allowed five letters per week of general correspondence and only allowed the TDCJ to recoup amounts expended during the first 60 days an inmate is indigent. (D.E. 17, p. 1).

Plaintiff has sent out personal mail which resulted in him being charged through his inmate trust fund account for the supplies and postage used. Plaintiff acknowledges that Defendants' actions under BP-03.91 have not adversely impacted Plaintiff's ability to send legal mail or otherwise impacted his access to the courts. Plaintiff claims that Defendants' actions, through enforcement of BP-03.01, has violated his First Amendment rights. Plaintiff states that the policy has limited his ability to stay in contact with family and friends as they do not live close enough to visit Plaintiff at the McConnell Unit.

Plaintiff clarified in his More Definite Statement that he seeks reimbursement of the monies taken from his account, repeal of the current policy, and other injunctive relief.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of

facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

Prisoners have a First Amendment right to send mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). Because prisoners cannot be denied access to the courts, prison officials must provide stamps, at state expense, to indigent inmates for mailing legal documents. *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977); *Mayfield v. Wilkinson*, 117 F.

App'x 939, 940 (5th Cir. 2004).  Prison officials nevertheless are permitted to recoup such expenses from funds deposited into the inmate's trust fund account.  *Mayfield*, 117 F. App'x at 940 (citing *Guajardo v. Estelle*, 580 F.2d 748, 762-63 (5th Cir. 1978)).

Plaintiff does not complain that Defendants' actions under BP-03.91 have adversely impacted Plaintiff's ability to send legal mail or otherwise impacted his access to the courts.  Rather, Plaintiff claims that the policy has limited his ability as an indigent inmate to mail personal correspondence to his family and friends who live at a great distance from the McConnell Unit.  Inmates like Plaintiff, however, have no constitutional right to free postage or supplies for personal correspondence.  *Walker v. Davis*, 533 F. App'x 471, 471 (5th Cir.  2013); *Hogan v. Peterson*, No. SA-12-CA-901-XR, 2013 WL 3833043, at *1 (W.D. Tex. Jul. 23,2013).

Plaintiff fails to state the deprivation of a First Amendment right because the TDCJ's correspondence policy set forth in BP-03.91 does not operate to restrict the total amount of Plaintiff's personal correspondence but only limits the amount of postage and supplies provided to indigent inmates.  *Gamarsh v. Bell*, No. 6:15CV140, 2017 WL 7053987, *2-3 (E.D. Tex. Nov. 7, 2017).  Furthermore,  this policy allows Plaintiff as an indigent inmate the opportunity to request additional supplies and postage if such request is for a legitimate reason and approved by the warden.  *See id.*  Plaintiff, therefore, has failed to state a First Amendment claim.  *See Shirley v. Dretke*, No. 2:05-CV-41, 2005 WL 1639309, at *3 (holding that prisoner's "free-speech challenge to the five-letter weekly limit for indigent legal mail and the postage charged to inmates" is frivolous because the "state, outside the sphere of access to courts, has no obligation to provide

free postage to indigent inmates for any mail").

## V. CONCLUSION

Because Plaintiff has failed to state a cognizable constitutional claim in this action against Defendants, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim for relief and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED this 3rd day of February, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).