UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRIS DEWAYNE MCCUBBINS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-294 |
| | § | |
| RICHERSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM
AND RECOMMENDATION TO DISMISS CASE**

Pending before the Court for initial screening is Plaintiff's complaint (D.E. 1, 17). On February 3, 2020, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation to Dismiss Case (D.E. 22), recommending that Plaintiff's complaint be dismissed with prejudice for failure to state a claim and/or as frivolous and that this action count as a strike for purposes of 28 U.S.C. § 1915(g). Plaintiff timely filed his objections (D.E. 25) on February 12, 2020.

Plaintiff seeks an order requiring the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ) to supply additional stationery and postage to him as an indigent inmate, free of charge, for correspondence with family and friends. TDCJ's established policies already provide indigent inmates with five (5) sets of supplies each month for legal correspondence[1] and five (5) sets each month for personal

---

[1] Plaintiff does not seek additional supplies for legal correspondence.

correspondence with family and friends.  The TDCJ policy also provides for additional supplies upon reasonable request approved by the warden.

Plaintiff objects to the recommended dismissal of his complaint, citing only one Fifth Circuit case, containing the following relevant language:

> The distinct [sic] court held that the TDC must furnish postage and stationery to indigent inmates for special correspondence, attorney correspondence and for five additional letters *a week* without regard to any waiting period but could ***recoup amounts expended during the first sixty days an inmate is indigent*** from funds later deposited in the inmate's Trust Fund Account.  We agree with the district court that this preserves both the indigent inmate's right to access to the courts and his right to communicate with the media at minimal expense and inconvenience to the TDC.

*Guajardo v. Estelle*, 580 F.2d 748, 762–63 (5th Cir. 1978) (emphasis added), *modified by Thornburg v. Abbot*, 490 U.S. 401, 423-24 (1989) (restrictions are valid if they are reasonably related to a penological interest).

First, Plaintiff claims that the *Guajardo* opinion sets a specific standard of five sets of supplies *per week* for general correspondence purposes.  Because TDCJ policy now only allows for five sets *per month*, he argues that the policy falls below required standards.  To the contrary, nothing in the *Guajardo* opinion is stated as a minimum constitutional standard for personal correspondence.  In fact, the Fifth Circuit has since held that "[an indigent inmate] does not have a freestanding constitutional right to free postage, and his attempted mailings did not implicate a constitutionally protected liberty interest."  *Walker v. Davis*, 533 Fed. Appx. 471 (5th Cir. 2013) (per curiam).  An inmate's claim for free postage for personal correspondence is "facially frivolous."  *Lee*

*v. Perry*, 993 F.2d 1543 (5th Cir. 1993) (per curiam; mem. op.).

The Court OVERRULES Plaintiff's first objection.

Second, Plaintiff argues that he should not be charged for the extra supplies he wants when he already works within the prison system without pay, suggesting further that recoupment from the inmate's trust account is limited by *Guajardo* to the first sixty (60) days of indigency. Recoupment is not prohibited. *Mayfield v. Wilkinson*, 117 F. App'x 939, 940 (5th Cir. 2004). And with respect to Plaintiff's suggestion that the requested supplies should be provided as some measure of fair compensation for his free labor, he does not provide any authority for such a proposition. To the contrary, in connection with incarceration after conviction for a crime, unpaid labor is fully consistent with the constitution. *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001). TDCJ owes Plaintiff neither wages nor postage for his prison labor.

The Court OVERRULES Plaintiff's second objection.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted and/or as frivolous. Because this dismissal meets the requirement of a "strike" for purposes of 28

U.S.C. § 1915(g), the Clerk of the Court is directed to forward a copy of the Memorandum and Recommendation to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED this 27th day of February, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE