UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRIS DEWAYNE MCCUBBINS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-294 |
| | § | |
| RICHERSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at TDCJ-CID's McConnell Unit in Beeville, Texas. Plaintiff's claims in this lawsuit arise in connection with Plaintiff's current housing assignment. Plaintiff alleges that Defendants improperly charged him for indigent mail in violation of his constitutional rights. Plaintiff seeks to be reimbursed for the monies taken from his trust fund account for mailing purposes. The undersigned issued a Memorandum and Recommendation to dismiss this case with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. Sections 1915€(2)(B) and 1915(b)(1). (D.E. 22). The District Court adopted the recommendation, dismissing the case with prejudice. (D.E. 27). Plaintiff filed a notice of appeal on March 6, 2020. (D.E. 29). Pending is Plaintiff's motion for appointment of counsel on appeal (D.E. 30). For the reasons stated below, the motion is hereby **DENIED**.

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must

provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not complex. Plaintiff claims he was improperly charged for indigent mail in the prison system. Plaintiff's allegations are in no way complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent, and able to describe the facts underlying his claims. Plaintiff has been able to obtain legal materials from the law library, cite cases in his briefs, makes requests of the court, and he can also request the assistance of other inmates. He appears to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence

and in cross-examination. *Id.* Examination of this factor is illustrates that no trial is scheduled or to be scheduled, as the case has been dismissed with prejudice by the District Court.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.

There are no extraordinary circumstances in this proceeding which would justify appointment of counsel. *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir.2012). (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982)). THEREFORE, Plaintiff's motion for appointment of counsel (D.E. 30) is **DENIED**.

ORDERED this 17th day of March, 2020.

Julie K. Hampton
United States Magistrate Judge